THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON<br>Plaintiff, | )<br>) JURY TRIAL DEMANDED<br>) |
| v. | ) Case No. CIV -<br>) |
| NATIONAL CONSUMER<br>TELECOMMUNICATIONS AND<br>UTILITY EXCHANGE, INC.,<br>Defendants. | )<br>)   FILED<br>)<br>)   OCT 07 2025<br>)<br>JOAN KANE, CLERK<br>U.S. DIST. COURT, WESTERN DIST. OKLA.<br>BY_____, DEPUTY |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

COMES NOW the Plaintiff Vance Dotson ("Dotson" or "Plaintiff"), an individual consumer, and for his Complaint against Defendants, National Consumer Telecommunications and Utility Exchange, Inc., (collectively referred to as "CRAs"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on

1

errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiffs note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant regularly conducts business in the State of Oklahoma.

## III.  PARTIES

7. Plaintiff Vance Dotson is a natural person residing in Oklahoma, OK.

8. Plaintiff Vance Dotson is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9. Upon information and belief, National Consumer Telecommunications and Utility Exchange, Inc., is a Texas corporation duly authorized and qualified to do business in the State of Oklahoma.

10. National Consumer Telecommunications and Utility Exchange, Inc., is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

## IV.  FACTS OF THE COMPLAINT

11. On or about October 7, 2025 Dotson obtained copies of his consumer credit disclosures from National Consumer Telecommunications and Utility Exchange, Inc., through www.nctue.com.

### NCTUE

12. NCTUE was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Dotson's file, with the same limited exception regarding Social Security number truncation.

13. On or about October 7, 2025 Dotson requested his file from NCTUE in writing through its website.

14. Confirmation Report Number: 5410100610

15. NCTUE's disclosure failed to include key information from Dotson's credit file.

16. The inaccuracies included erroneous data, incomplete account numbers, sub-service type, and missing past due amount.

17. The affected Accounts included: (4) Cox Communication and (3) Verizon Wireless among others.

18. The following trade-line inaccurate, missing, incomplete, errors and omissions were included but were not limited to:

19. Cox Comms-Oklahoma City 0184* full account number missing, Sub-Services Type missing, Past Due Amount missing.

20. Cox Comms-Oklahoma City 0184* full account number missing, Sub-Services Type missing, Past Due Amount missing.

21. Cox Comms-Oklahoma City 0239* full account number missing, Sub-Services Type missing, Past Due Amount missing.

22. Cox Comms-Oklahoma City 0239* full account number missing, Sub-Services Type missing, Past Due Amount missing.

23. Verizon Wireless 62426* full account number missing, Sub-Services Type, Past Due Type missing.

24. Verizon Wireless 52426* full account number missing, Sub-Services Type, Past Due Type missing.

25. Verizon Wireless 72426* full account number missing, Sub-Services Type, Past Due Type missing.

26. Under 15 U.S.C. § 1681g(a), upon receipt of Dotson's request, all Defendants were legally obligated to provide Dotson with a complete and accurate disclosure of all information in his credit files at the time of his request.

27. Defendants provided an electronic copy of Dotson's Consumer Disclosure via www.nctue.com

28. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Dotson's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

29. NCTUE's violations of the FCRA were willful.

30. Dotson is entitled to receive a complete, accurate, and transparent disclosure of his credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

31. By failing to meet this requirement, Defendants deprived Dotson of a right expressly granted by federal law.

32. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA. Dotson relied on the information the report to be accurate and complete therefore to prevent dissemination of a misleading report. Which left Dotson confused, distressed all Defendants made it hard to correct his credit profile. Dotson suffers from Emotional distress from the incomplete and inaccurate reporting by Anxiety, Depression, Fear, Numbness, Dotson has lost money with the postal stamp from Defendants not providing a complete and accurate profiles.

33. Since October 7, 2025, the Plaintiff has been receiving counseling services through BetterHelp, incurring a cost of $65 per week.

## CAUSES OF ACTION

34. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

35. All causes of action were the producing causes of damages, which Dotson suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g

36. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

37. Defendants violated the FCRA.

38. Defendants' violations include, but are not limited to, the following:

> Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

39. NCTUE conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs an amount to be determined pursuant to 15 U.S.C. § 1681n.

40. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vance Dotson respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants National Consumer Telecommunications and Utility Exchange, Inc., and for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

ATTACHED EXHIBIT LIST

A. Mr. Dotson NCTUE Consumer Disclosure, October 07, 2025 Ex 1.
B. FTC Opinion Letter Ex 2.
C. CFPB January 23, 2024 Ex. 3

Respectfully submitted:

*/s/ Vance Dotson*

Vance Dotson

425 W. Wilshire Blvd Ste., E

Oklahoma City, OK 73116

405-406-7323

vancedotson@yahoo.com