**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VANCE DOTSON,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CONSUMER TELECOMMUNICATIONS AND UTILITY EXCHANGE, INC.,<br><br>Defendant. | Case No. CIV-25-01171-SLP |

**DEFENDANT NATIONAL CONSUMER TELECOMMUNICATIONS AND UTILITY EXCHANGE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Defendant National Consumer Telecommunications and Utility Exchange, Inc. ("NCTUE"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court for an order dismissing Plaintiff's Complaint [Doc. 1] and submits the following Brief in Support of its Motion.

## I. INTRODUCTION

Plaintiff Vance Dotson ("Plaintiff") brings this Fair Credit Reporting Act ("FCRA") case, claiming that NCTUE, in response to his October 7, 2025 request for a consumer disclosure, "failed to include key information from Dotson's credit file," which "erroneous data, incomplete account numbers, sub-service type, and missing past due amount," regarding seven accounts, including four Cox Communication accounts and 3 Verizon Wireless accounts (collectively, the "Accounts"). *See* Compl. ¶¶ 13, 15, 16, 17-25. Plaintiff concedes that NCTUE "provided an electronic copy of Dotson's Consumer Disclosure via

www.nctue.com," but claims that NCTUE "knowingly and intentionally failed to disclose all of the information in Dotson's credit file," and that such omission was "driven by a desire to reduce operating costs and increase profitability." *Id.* ¶¶ 27-28. He claims that each account was erroneously reported with "full account number missing, Sub-Services Type missing, Past Due Amount missing." *Id.* ¶¶ 19-22. Plaintiff further complains that NCTUE's actions were "willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over accuracy and completeness of consumer disclosures," and therefore, Plaintiff suffered "[e]motional distress from incomplete and inaccurate reporting by Anxiety, Depression, Fear, Numbness, . . . lost money with the postal stamp" and that he has been "receiving counseling services through BetterHelp[.]" *Id.* ¶¶ 32-33.

Based on these facts, Plaintiff alleges that NCTUE violated 15 U.S.C. § 1681g for "failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request." *Id.* ¶¶ 38. Notably missing from Plaintiff's Complaint are any factual allegations to plausibly support his claims, including any specifics as to what, if anything, NCTUE reported or omitted regarding the Accounts, beyond vague, sweeping conclusions. Plaintiff does not explain how any of the Accounts are reporting on his credit file, or allege what "erroneous data, incomplete account numbers, sub-service type, and missing past due amounts," has been omitted or should be reporting for any of the Accounts, failing to provide any factual enhancement to plausibly state a claim. He also fails to allege that a consumer report was ever disseminated to a third party. Therefore, his claims must be dismissed.

Likewise, Plaintiff's willfulness claim fails to bring forth any plausible factual support, offering only vague, conclusory allegations that NCTUE "knowingly and intentionally failed to disclose all of the information in Dotson's credit file," and that "omissions appear to have been driven by a desire to reduce operating costs and increase profitability." *Id.* ¶ 28. Plaintiff further claims that NCTUE's actions were "willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over accuracy and completeness of consumer disclosures," but does not provide any plausible facts to support what, if any, "systemic procedures" NCTUE purportedly implemented. *Id.* ¶ 32. Plaintiff offers no factual support for such vague conclusions, much less any authority as contemplated under Supreme Court precedent required to support a claim for willfulness, and as a result his claims must be dismissed.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts, which if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. 687. First, the court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its fact.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not permit the court to infer more than the mere possible of misconduct . . . has 'show[n]' . . . 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). In considering a 12(b)(6) motion, the court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. While all material allegations must be taken as true, the court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Indeed, to survive a motion to dismiss, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. That is, "a plaintiff must nudge his claims across the finish line from conceivable to plausible in order to survive a motion to dismiss." *Hodgson v. Farmington City*, 675 F. App'x 838, 840 (10th Cir. 2017). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla. Ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## III. ARGUMENTS AND AUTHORITIES

### a. Plaintiff Has Failed to State a Plausible Claim for Relief Under § 1681g of the FCRA.

NCTUE's Motion should be granted because Plaintiff's Complaint does not plausibly allege a violation of § 1681g(a). To state a claim under § 1681g of the FCRA, "a complaint must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all the

information in the consumer's file." *Scott v. Equifax, Inc.*, No. 2:20-cv-2516-HLT-JPO, 2021 WL 7209985, *3 (D. Kan. Apr. 21, 2021) (citing *Frazier v. Experian Information Sols., Inc.*, 2018 WL 3785131, at *5-6 (D. Md. 2018); *Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *7 (S.D. Fla. 2018)).

Here, Plaintiff claims he made an October 7, 2025 request for a consumer disclosure from NCTUE, which he concededly received, but claims NCTUE "failed to include key information from Dotson's credit file," and that these "omissions appear to have been driven by a desire to reduce operating cost and increase profitability." *See* Compl. ¶¶ 15, 28. Plaintiff claims "[t]he inaccuracies included erroneous data, incomplete account numbers, sub-service type, and missing past due amount" regarding the seven Accounts. *See* Compl. ¶¶ 16-25. However, beyond providing a list of "errors and omissions," the Complaint fails to establish what "information" is actually at issue as to any of the Accounts, how the Accounts should be reporting, or allege how or what information somehow had "inaccurate information, re-aged data, payment history and incomplete account details." *Id*. Absent sufficient factual enhancements, Plaintiff has not plausibly alleged what, if anything, was not disclosed regarding any of the alleged Accounts. *See generally*, Compl.

Notably absent from Plaintiff's Complaint are any factual enhancements addressing what specific information should have been in the disclosure, but were missing, as to any of the alleged Accounts. Instead, he offers sweeping, speculative conclusions without any factual support that information was excluded from his credit file thereby failing to meet the pleading standards of *Iqbal* and *Twombly*. As such, Plaintiff's Complaint should be

dismissed, and the Motion should be granted.

### b. Plaintiff Does Not and Cannot State a Claim for Willfulness Under The FCRA.

Plaintiff's allegations do not adequately state an actionable claim against NCTUE—much less a willfulness claim under the FCRA. To be clear, the Complaint is devoid of any plausible allegations to establish either negligent or willful violations of the FCRA. In other words, Plaintiff has no claim against NCTUE under both § 1681n (willful noncompliance) and § 1681o (negligent noncompliance) of the FCRA.

Willfulness is a high standard that requires a knowing or reckless violation. "A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard of the law." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009); *see also Rush v. Macy's New York*, 775 F.2d 1554 (11th Cir. 1985) (stating that part of the reason plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA"). In *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court analogized the FCRA's willfulness standard to the "clearly established" requirement in qualified immunity cases, reasoning that an FCRA violation can only be willful if the defendant engages in conduct that is clearly unlawful under then-existing law. *Id.* at 69-70. *Safeco* itself makes clear that this "clearly established" test sets a very high bar for willfulness liability—even federal district court case law and informal agency guidance do not suffice to make an FCRA interpretation "clearly established" under *Safeco*. Rather, only "court of appeals" authority, "authoritative guidance" from the

Federal Trade Commission, or statutory language that is "pellucid" satisfy this test. *Id.* Accordingly, unless NCTUE's alleged conduct would not have been lawful under any interpretation of the FCRA that "could reasonably have found support in the courts," Plaintiff's willfulness claim must fail. *Id*. at 70 n.20.

At best, Plaintiff claims that NCTUE's response to his consumer disclosure requests were "willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures," and that NCTUE's "practices suggest an institutional disregard for their statutory obligations" and are "driven by a desire to reduce operating costs and increase profitability." Compl. ¶¶ 28, 32. However, he utterly fails to cite to *any* authority, much less the type of authority envisioned under *Safeco*, demonstrating that NCTUE engaged in unlawful conduct. In addition, Plaintiff's allegations in support of willfulness are vague, conclusory, and non-specific as to what "systemic procedures" were used, or (more importantly) how such systems "reduce[d] operating costs and increase[d] profitability." *Id.* Plaintiff does not provide any factual enhancement for such vague, sweeping conclusions to plausibly allege a claim for willfulness under § 1681g.

Based on the foregoing, Plaintiff's claim for willful violation of § 1681g necessarily fails. The allegations in the Complaint do not plausibly allege that NCTUE knowingly or recklessly violated the FCRA. A plaintiff cannot satisfy the high bar of willfulness with such vague allegations.

## IV. CONCLUSION

For all the foregoing reasons, NCTUE respectfully requests that the Court grant

NCTUE's Motion and dismiss Plaintiff's Complaint against NCTUE in its entirety along with such other relief as the Court deems just and proper.

Dated: November 3, 2025

Respectfully submitted,

HALL ESTILL

By: */s/ Littleton T. Ellett*

Arthur F. Hoge, III, OBA No. 4275
ahoge@hallestill.com
Littleton T. Ellett, OBA No. 34644
tellett@hallestill.com
HALL ESTILL
100 North Broadway Ave.
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828

*Counsel for Defendant National Consumer Telecommunications and Utility Exchange, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025, I presented the foregoing document with the Clerk of the Court using the CM/ECF system and served the same document by E-mail and U.S. Mail, postage pre-paid, on:

Vance Dotson
425 W. Wilshire Blvd., Ste. E
Oklahoma City, OK 73116
vancedotson@yahoo.com
*Pro se plaintiff*

*/s/ Littleton T. Ellett*
Littleton T. Ellett