IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1171-SLP |
| | ) |
| NATIONAL CONSUMER | ) |
| TELECOMMUNICATIONS AND | ) |
| UTILITY EXCHANGE, INC., | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Plaintiff Vance Dotson, appearing pro se, filed a Complaint [Doc. No. 1] alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Defendant National Consumer Telecommunications and Utility Exchange, Inc. ("NCTUE") filed a Motion to Dismiss Plaintiff's Complaint [Doc. No. 6], to which Plaintiff responded [Doc. No. 8], and NCTUE replied [Doc. No. 11]. Plaintiff has filed six Notices of Supplemental Authority in opposition to NCTUE's Motion to Dismiss.[1] For the reasons that follow, NCTUE's Motion is GRANTED.

**I.   Background**

NCTUE is a consumer reporting agency ("CRA") that compiles telecommunications and utility payment data. Plaintiff obtained a copy of his consumer credit disclosure from NCTUE on October 7, 2025. [Doc. No. 1] at 3. Plaintiff alleges

---

[1] *See* [Doc. Nos. 13–14, 16–19]. Plaintiff's Notice of Supplemental Authority filed on November 21, 2025, is nearly identical to the Notice filed on December 1, 2025. The only difference is the latter Notice is "opposed." *Compare* [Doc. No. 14], *with* [Doc. No. 16].

this disclosure was incomplete and inaccurate because it "included erroneous data, incomplete account numbers, sub-service type, and missing past due amount[s]" with respect to seven accounts. [Doc. No. 1] at 3–4. Plaintiff asserts the errors in this disclosure show NCTUE's noncompliance with § 1681g of the FCRA. [Doc. No. 1] at 3, 7; *see* 15 U.S.C. § 1681g. Further, Plaintiff argues these omissions were "knowing[] and intentional[]" which demonstrates willful noncompliance or, in the alternative, negligent noncompliance. [Doc. No. 1] at 5; *see* 15 U.S.C. §§ 1681n, 1681o.

Plaintiff states he has been receiving counseling services since the date of the disclosure, though he does not directly allege a causal connection between the two events. [Doc. No. 1] at 6 ("Since October 7, the Plaintiff has been receiving counseling services"); [Doc. No. 8] at 2 ("These omissions deprived Plaintiff of the complete and transparent disclosure required by the FCRA, causing him concrete harm, including emotional distress, confusion, and out-of-pocket costs."). Plaintiff seeks actual, statutory, and punitive damages against NCTUE for "an amount to be determined" pursuant to the FCRA. [Doc. No. 1] at 7. NCTUE moved to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 6] at 2–3.

II.     **Governing Standard**

A party may move to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the complaint contains "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The Court's function on a Rule 12(b)(6) motion is "to assess whether the [complaint] alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In reviewing the sufficiency of the complaint, "[a]ll well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

As a pro se litigant, Plaintiff is entitled to a liberal construction of his Complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se litigants must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). In reading the Complaint, the Court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). A formulaic recitation of the elements of a claim and other conclusory allegations need not be accepted as true. *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554–55).

**III.   Discussion**

The FCRA provides consumers with a private right of action against CRAs that violate statutory duties under the FCRA. *Plater v. Phoenix Fin. Servs.*, 762 F. Supp. 3d 1098, 1104 (W.D. Okla. Nov. 1, 2024). As noted above, Plaintiff alleges NCTUE violated § 1681g either willfully or negligently. Section 1681g(a) requires every CRA to "clearly and accurately disclose" to the consumer "[a]ll information in the consumer's file at the time of the request," with certain exceptions. 15 U.S.C. § 1681g(a). The FCRA defines the term "file" as "all the information on that consumer recorded and retained by a reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). Where noncompliance with the FCRA is found, § 1681n provides recovery for willful noncompliance, and § 1681o provides recovery for negligent noncompliance. *See* 15 U.S.C. §§ 1681n, 1681o.

### A.   Failure to Disclose Pursuant to Section 1681g

To state a noncompliance claim under § 1681g, Plaintiff must "specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all information in the consumer's file." *Scott v. Equifax, Inc.*, No. 2:20-CV-2516-HLT-JPO, 2021 WL 4099007, at *2 (D. Kan. July 23, 2021) (citing *Frazier v. Experian Info. Sols., Inc.*, 2018 WL 3785131, at *5–6 (D. Md. 2018)). When considering whether a party has violated § 1681g, courts have considered whether "the disclosure is understandable to the average consumer," and

whether the information provided to the consumer was in a form that was both "clear and accurate." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018).[2]

Here, Plaintiff points to three types of omissions or errors to support his claim of noncompliance: (1) truncated account numbers, (2) missing "sub-service type," and (3) missing past due amounts. *See* Disclosure [Doc. No. 1-1]. NCTUE argues that these allegations are wholly conclusory and fail to state a claim for violation of § 1681g. The Court agrees.

As a threshold matter, the blank fields Plaintiff identifies do not necessarily indicate that NCTUE withheld information in violation of § 1681g. NCTUE, as a CRA, does not originate the underlying data.[3] *See Lewis v. Midland Credit Mgmt.*, 2016 WL 4747414, at *1 (W.D. Okla. Sep. 28, 2016). Rather, it "gather[s] information provided by data furnishers and make[s] that information available" to consumers. *Id.* Thus, NCTUE argues that if particular information was not provided by the data furnisher—or did not exist for a given account—NCTUE would have no information to gather and disclose, meaning such information would have no reason to be in Plaintiff's file at the time of the request. *See* [Doc. No. 11] at 4.[4] This argument is well-taken.

---

[2] The parties cite to no Tenth Circuit authority substantively addressing violations of 1681g, and the Court is aware of none. Accordingly, the Court relies on well-reasoned opinions from courts outside of this circuit for their persuasive value.

[3] The Court notes that prior to listing the Verizon and Cox Communications entries, NCTUE's disputed disclosure states: "Service Accounts – These service accounts are reported by the companies and provide the following detailed information including on-going account information." [Doc. No. 1-1] at 5.

[4] NCTUE also raises a creditworthiness argument for the first time in its Reply brief, arguing the information Plaintiff complains about has no bearing on his creditworthiness and did not need to

In support of his argument that NCTUE violated its disclosure obligation under § 1681g by including truncated account numbers related to Plaintiff's Verizon and Cox Communications accounts, Plaintiff points to numerous out-of-circuit and nonbinding authorities,[5] including an FTC Advisory Opinion from 2000. *See* Fed. Trade Comm'n, Advisory Opinion to Darcy (June 30, 2000); *see also* [Doc. No. 1-2]. However, as another district court in the Tenth Circuit explained after reviewing the same opinion letter, "truncating a consumer's account number is a reasonable procedure" to protect against identity theft. *Whitaker v. Trans Union Corp.*, No. CV 03-2551-GTV, 2005 WL 8160827, at *20 (D. Kan. Feb. 3, 2005) (finding the opinion letter "inapplicable" as it "specifically addresses the situation where a creditor reports the actual account number to the credit reporting agency and the credit reporting agency scrambles the account number when it

---

be included in NCTUE's disclosure to Plaintiff. [Doc. No. 11] at 3. Because NCTUE did not raise this argument until the Reply, the argument is waived. *Patterson v. Rural Water Dist. 2*, 438 F. Supp. 3d 1258, 1273 (W.D. Okla. Feb. 7, 2020) (finding an argument waived when raised in a reply in support of a motion to dismiss). However, even if this argument had been made in NCTUE's Motion to Dismiss, the argument lacks merit. *See Hardin v. Equifax Info. Servs., LLC*, No. CIV-25-1374-HE (W.D. Okla. Jan. 14, 2026) (rejecting defendant's creditworthiness argument and gathering cases).

[5] *See* Pl.'s Notices of Suppl. Authority [Doc. Nos. 13–14, 16–19]. In most of these cases, the plaintiff alleged the data furnisher gave the CRA full account numbers which the agency then truncated. *See, e.g.*, *Maude v. Equifax Info. Servs., LLC*, No. 25-CV-61421-VALLE (S.D. Fla. Nov. 18, 2025) (noting the complaint sufficiently alleges the data furnisher reported the full account numbers to the defendant); *Stafford v. Trans Union, LLC*, No. 4:25-cv-00921-JDK (E.D. Tex. Nov. 17, 2025) (same). Here, Plaintiff does not allege Cox Communications or Verizon provided NCTUE with full account numbers.

Additionally, several of Plaintiff's cited cases focus primarily on rebutting a "creditworthiness" argument that is not analyzed here, in part, because the Court grants relief on other grounds. *See, e.g.*, *Hardin v. Equifax Info. Servs., LLC*, No. CIV-25-1374-HE (W.D. Okla. Jan. 14, 2026); *Blevins v. Equifax Info. Servs., LLC*, No. 25-cv-23481-BLOOM (S.D. Fla. Dec. 29, 2025).

reports the account to the consumer").[6]  Further, absent authority from the Tenth Circuit, the Court agrees with *Whitaker* that "holding a credit reporting agency liable for reporting a . . . truncated account number that a creditor furnished would lead to absurd results, especially if the credit reporting agency did not know that the creditor furnished it with such an account number." *Id.*

Thus, if the data furnishers (here, Cox Communications and Verizon) only provided NCTUE with truncated account numbers, the full account numbers would not have been in NCTUE's file at the time of Plaintiff's request.  Plaintiff does not allege Verizon or Cox Communications provided NCTUE with full account numbers, nor does Plaintiff allege NCTUE possessed full account numbers and chose to truncate or scramble them itself.  *See Whitaker*, 2005 WL 8160827, at *20 ("This is not a situation where Trans Union or Experian scrambled an account number on its own initiative and then failed to disclose the true account number upon a consumer's request.").  Plaintiff therefore fails to state a plausible § 1681g claim based on truncated account numbers.

The same problem undermines Plaintiff's allegations regarding "sub-service type" and past due amounts.  Plaintiff does not identify what a "sub-service type" is in the Complaint or Response, but the disputed disclosure describes this data field as: "Sub-Service Type – The account is a prepaid service." [Doc. No. 1-1] at 5.  Yet Plaintiff does not allege facts suggesting the accounts at issue involved prepaid service or otherwise

---

[6] The Court recognizes that *Whitaker* was decided on a motion for summary judgment after the facts had been developed.  Nevertheless, the Court still finds its reasoning persuasive, especially absent any allegation from Plaintiff that NTCUE had the full account number and truncated it on its own accord.

explain why a "sub-service type" necessarily existed for these accounts. *See generally* Compl. [Doc. No. 1]. Plaintiff also offers no factual basis for his belief that NCTUE omitted sub-service types or past due amounts beyond the fact those fields are blank in the disclosure. *See Heyer v. Experian Info. Sols. Inc.*, No. 19-C-15, 2019 WL 2869337, at *2 (E.D. Wis. July 3, 2019) ("A complaint that 'appears to assume that some data was withheld from [the plaintiff], without any factual allegations in support of that assumption,' must be rejected.").

Similarly, while Plaintiff argues that past due amounts were omitted from his disclosure, he does not allege that any of the accounts were, in fact, past due or that there was any past due amount for NCTUE to report. Rather, Plaintiff again urges the Court to infer that blank fields necessarily reflect withheld information. That inference is too speculative to state a claim. *See Frazier v. Experian Info. Sols., Inc.*, No. CV JKB-18-0067, 2018 WL 3785131, at *6 (D. Md. Aug. 9, 2018) (granting a motion to dismiss where plaintiff's allegations that defendant "omitted substantial information" in violation of § 1681g were too speculative); *Heyer v. Experian Info. Sols. Inc.*, No. 19-C-15, 2019 WL 2869337, at *3 (E.D. Wis. July 3, 2019) (granting motion to dismiss where "complaint only speculates that the defendants withheld information"). Absent allegations that the omitted information existed in Plaintiff's file as maintained by NCTUE, Plaintiff's claim rests on speculation from blank fields.

Plaintiff's cited cases do not cure these pleading deficiencies. For example, Plaintiff references *Wilson v. Equifax Info. Servs., LLC*, No. 2:19-cv-00368-APG-NJK, 2020 WL 2771184, at *7 (D. Nev. May 27, 2020) as an example of a court denying dismissal where

plaintiff plausibly pled a § 1681g violation based on an incomplete disclosure. [Doc. No. 8] at 6. In *Wilson*, the plaintiff alleged numerous CRAs suppressed positive credit data following discharge of plaintiff's debts through bankruptcy. *Wilson*, 2020 WL 2771184, at *2. The plaintiff included disclosures from different CRAs to demonstrate some agencies furnished positive credit data while others suppressed it. *See id.* That claim survived dismissal because the inaccuracies between the disclosures plausibly alleged that information existed in the consumer's file but was not disclosed. *Id.* Here, by contrast, Plaintiff does not allege facts suggesting NCTUE knew or had records relating to the information he states is omitted. [Doc. No. 11] at 4. Plaintiff cites another case that is similarly unavailing because it also turned on allegations supported by a third-party full-file disclosure that provided the plaintiff a reason to believe that the CRA was not providing her actual consumer file. *Hinkle v. Experian Info. Sols. Inc.*, No. 1:18 CV 7, 2018 WL 4610656, at *2 (W.D.N.C. Sep. 5, 2018), *report and recommendation adopted,* No. 1:18-CV-00007-MR-DLH, 2018 WL 4600299 (W.D.N.C. Sep. 25, 2018). In other words, the plaintiffs in these cases were not merely speculating that data was omitted or withheld and instead alleged some factual basis to support their claim.

Accordingly, even when viewed in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a plausible claim for a violation of § 1681g of the FCRA.

### B. Willfulness Pursuant to Section 1681n

NCTUE additionally moves to dismiss on the basis that Plaintiff has not adequately pled willfulness. [Doc. No. 6] at 6. Because the Court finds that Plaintiff's Complaint fails

to sufficiently allege a violation of the FCRA, the Court need not address this argument. *See Wynn v. United Parcel Serv., Inc.*, No. 23-15448, 2024 WL 1191143, at *3 (9th Cir. Mar. 20, 2024) ("Because we agree with the district court that there was no violation of the FCRA, we need not—and do not—reach the issue of willfulness[.]").

### IV.   Conclusion

IT IS THEREFORE ORDERED that Defendant National Consumer Telecommunications and Utility Exchange, Inc.'s Motion to Dismiss [Doc. No. 6] is GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

A separate judgment of dismissal will be entered.

IT IS SO ORDERED this 2nd day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE